UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARCELL JORDAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10 cv 1417 |
| KNOX COUNTY, KNOX COUNTY COURTHOUSE, KNOX COUNTY SHERIFF, KNOX COUNTY SHERIFFS DEPARTMENT, KNOX COUNTY CLERK, | ) |
| Defendants. | ) |

## O P I N I O N and O R D E R

Before the Court are the Complaint (Doc. 1) and the Motion to Proceed in forma pauperis filed by Plaintiff, Marcell Jordan. For the reasons set forth below, the Motion is DENIED.

Title 28 U.S.C. § 1915 provides that a civil proceeding may proceed without prepayment of the filing fee provided an inmate "submits an affidavit that includes a statement of all assets such prisoner possess that the person is unable to pay such fees or give security therefore." In Plaintiff's Motion to Proceed in forma pauperis, Plaintiff avers that he has no income, no assets, and that he is currently incarcerated at the Lawrenceville Correctional. Plaintiff also has attached his prison trust fund account from June to November, 2010. The account statement has a balance of $353.31. The statement also reveals that in June, 2010, Plaintiff's account was credited in the amount of $700.00, in July, 2010 he received $207.14, in

1

August, 2010 he received $260.00, in September, 2010 he received $210.00, in October, 2010 he received $110.00, and in November, 2010 he received $210.00. The Court finds that Plaintiff has sufficient funds (and regular deposits into his trust fund account statement) to pay the $350.00 filing fee.

Notwithstanding the foregoing, the Court is troubled by the vagueness of the Complaint in this matter and Plaintiff's ability to serve Defendants. Plaintiff's complaints center around a conviction for unlawful restraint that was entered on February 13, 2009 by the Circuit Court of the Ninth Judicial Circuit sitting in Knox County, Illinois. Plaintiff contends that unspecified persons within the courthouse or the Clerk's Office erroneously identified Plaintiff as a sex offender in connection with that conviction. He states that he was arrested twice, first in June, 2009 and then on August 28, 2009, for the failure to register as a sex offender. Plaintiff also states that he was erroneously placed on a sex offender website. The first arrest prompted his criminal defense attorney to seek an agreed order from the Court indicating that Plaintiff's crime was not sexually motivated and that he was not required to register as a sex offender. The Order was entered on June 10, 2009. Plaintiff goes on to state that after he complained that the August 28, 2009 arrest was false, he was no longer designated as a sex offender. There is also a vague allegation that the "Knox County Clerk" established and carried out an "unknown policy" that resulted in the violation of Plaintiff's constitutional rights.

Plaintiff has filed suit pursuant to 42 U.S.C. § 1983 alleging that unspecified persons working for Defendants were involved in either erroneously identifying him

as a sex offender or in arresting him for the failure to register. The Court assumes that Plaintiff is attempting to allege a false arrest claim: that police officers violated the Fourth Amendment by arresting him without probable cause. *See Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010); *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007). Plaintiff also has claims of slander and defamation of character. Defamation can rise to the constitutional level if Plaintiff can show that a stigmatizing statement was made public and that it resulted in "the governmental deprivation of a right securely held." *Khan v. Bland*, 2010 WL 5185838 (7th Cir. 2010); *Covell v. Menkis*, 595 F.3d 673 (7th Cir. 2010). Mere injury to reputation is insufficient – however, it is arguable that a deprivation of liberty, as is alleged in this matter, would be a sufficient. *Bowens v. Quinn*, 561 F.3d 671 (7th Cir. 2009). Illinois law recognizes both defamation and slander; although such claims, made against public entities, are probably subject to immunity. *See* 745 ILL. COMP. STAT. § 10.2-107.

Liability pursuant to Section 1983 generally requires personal involvement: naming entities – some of which (like the Knox County Courthouse) do not appear to be legal entities capable of being sued – is insufficient for liability to attach to an individual. Moreover, there is no *respondeat superior* liability under § 1983: naming a supervisor, like the Sheriff or the Clerk, is insufficient to make out a § 1983 claim based on the actions of an employee of the Sheriff or the Clerk. *See Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). A governmental entity can be liable

under § 1983 if there is an express or implied policy to case a constitutional injury. *See Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009).

Based on the allegations in the Complaint, Plaintiff is alleging a false arrest claim against unnamed Sheriff's deputies, federal or state claims of defamation and slander against unknown employees of the Knox County Clerk's Office, and a § 1983 policy or practice claim against the Knox County Clerk's Office. Plaintiff has not presented any cognizable claim against the Knox County Courthouse and the naming of the Knox County Sheriff's Department" is merely redundant of the "Knox County Sheriff" (in his official capacity). Plaintiff also has not alleged a cognizable claim against the Knox County Sheriff, in his official capacity, pursuant to § 1983; however, Plaintiff does state that he as "slandered" by the actions of the Sheriff's office.

Based on the foregoing, it is obvious that Defendants Knox County Courthouse and Knox County Sheriff's Department should be DISMISSED. The former is not a legal entity and the later is merely redundant of another named Defendant. The Court will reserve consideration of the remaining claims upon entry of appearance of the remaining Defendants.

## CONCLUSION

For the foregoing reasons, the Motion to Proceed in forma pauperis (Doc. 2) is DENIED. Plaintiff shall pay the $350.00 filing fee within 20 days of the date of this Order. Plaintiff is further informed that he must serve the remaining Defendants

4

consistent with Federal Rule of Civil Procedure 4 and otherwise comply fully with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Defendants Knox County Courthouse and "Knox County Sheriff's Department" are DISMISSED.


Entered this <u>18th</u> day of February, 2010

                                                            s/ Joe B. McDade
                                                    JOE BILLY MCDADE
                                    United States Senior District Judge